THE ATTORNEY GENERAL
OF TEXAS



GERALD C. MANN
~~XXXXXXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:          Opinion No. O-5367
                           Re:  Appropriation from the
                                Permanent School Fund -
                                validity.

We quote your letter of June 4, 1943:

"I am enclosing photostatic copy of House
Bill No. 514, Acts of the Regular Session of
the Forty-eighth Legislature, appropriating
$452.60 from the Permanent School Fund for the
purpose of reimbursing D. B. Eades, of Dallas,
Texas, for funds paid by him as bonus and
rental upon certain vacancies in public school
lands.

"Since this appropriation is made from
the Permanent School Fund, I respectfully re-
quest your opinion as to whether the appro-
priation is valid."

The nature of House Bill No. 514 is described
in the caption thereto, said caption reading as follows:

"AN ACT making an appropriation of Four
Hundred and Fifty-two Dollars and Sixty Cents
($452.60) from the Permanent School Fund for
the purpose of reimbursing D. B. Eades of Dallas,
Texas, for funds paid by him as bonus and rentals
upon certain lands being described in State of
Texas mineral leases Numbers 24090, 24091 and 24092;
said lands having been claimed to be the property
of the State of Texas and part of the public
school lands, but by the terms of a final judg-
ment of the District Court of Travis County,
Texas, said lands were adjudged to be not the

property of the State of Texas; therefore,
the sums paid as rentals and bonuses on
said lands were improperly received; said Act
further providing that the Comptroller of the
State of Texas be directed to issue warrant
to reimburse the party named herein in the
amount specified herein; and declaring an emer-
gency."

The body of the bill contains the following ap-
propriation:

"To pay D. B. Eades of Dallas County,
Texas, the sum of Four Hundred and Fifty-two
Dollars and Sixty Cents ($452.60) as reimburse-
ment for rentals and bonuses paid by him into
the Permanent School Fund on State Mineral
Leases Nos. 24090, 24091, and 24092 of lands
located in Duval County, Texas, which said
lands were not the property of the State of
Texas· and the leases were for that reason
void· and of no effect; the State Permanent
School Fund not being entitled to receive
or retain said money . . . $452.60."

As is apparent from the portions of the bill quoted
above, the act does not purport to appropriate moneys right-
fully belonging in the Permanent School Fund, to uses and
purposes other than those to which the fund is dedicated by
constitutional provision; but the purpose of the appropria-
tion is to require the Permanent School Fund to account for
moneys not rightfully belonging to it which in equity and
good conscience it cannot retain. Such an appropriation,
in our opinion, does not violate the terms of Article 8,
Section 7, of the Constitution, prohibiting the diversion
of special funds. You are therefore advised that such an
appropriation from the Permanent School Fund is valid.

Similar appropriations have heretofore been ap-
proved by this department:

See the opinions listed in the following volumes of
the letter opinions of this department --Volume 377, page 980,
page 939; Volume 371, page 594, page 711; Volume 367, page 38.

Yours very truly

RWF:JP:bt
APPROVED June 11, 1943          ATTORNEY GENERAL OF TEXAS
Gerald C. Mann
Attorney General of Texas          By s/ R.W. Fairchild
                                        Assistant

APPROVED OPINION COMITTEE By BWB,Chr.